HIGHFIELD,
*Respondent,*

*v.*

HOFFMAN CONSTRUCTION COMPANY,
*Appellant.*

(A8307-04563; CA A37604 (Control))

HIGHFIELD,
*Respondent,*

*v.*

HOFFMAN CONSTRUCTION COMPANY,
*Appellant.*

(A8503-01695; CA A37605)
(Cases consolidated)

742 P2d 68

John R. Faust, Jr., Portland, argued the cause for appellants. With him on the briefs was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Wayne Mackeson, Portland, argued the cause for

respondents. With him on the brief was Des Connall and Dan Lorenz, P.C., Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Rossman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiffs brought this action for negligence based on violations of common law standards of care and on violations of the Employers' Liability Act (ELA). ORS 654.305 *et seq.* Defendant appeals from judgments on jury verdicts in favor of plaintiffs. We affirm.

Plaintiff[1] was injured when he fell two floors from a building under construction. His second amended complaint alleged, as a first claim for relief, that defendant was negligent in several particulars. He then alleged, as a second claim, that defendant, in several particulars,

> "failed to use every device, care and/or precaution which it is practicable to use for the protection and safety of life and limb and failed to provide [plaintiff] with a place which was safe."

That amounted to a claim that defendant had violated its duties under the ELA. ORS 654.305. Following a partial directed verdict for plaintiff regarding defendant's failure to provide access between floors, the trial court instructed the jury regarding both the negligence claim and the ELA claim. The jury returned a verdict that stated, in relevant part:

> "We, the jury, find:
>
> "(1)   Did the defendant violate the Employers Liability Law in one or more of the particulars alleged in plaintiff's complaint, and, if so, was such violation a cause of damage to plaintiff?
>
> "ANSWER:  ____ Yes  ____ No.
>
> "(2)   Was defendant negligent in one or more of the particulars alleged in plaintiff's complaint, and, if so, was such negligence a cause of the injuries claimed by plaintiff?
>
> "ANSWER:  ____ Yes  ____ No.
>
> "* * * * *
>
> "(5)   What are plaintiff's total general and special damages?
>
> "ANSWER: General damages: *$1,000,000.00*
>
> "Special damages: *$121,000.00*."

---

[1] Plaintiffs are Clarence Highfield, the injured worker, and his wife Barbara, who brought suit for loss of her husband's society and companionship. Unless otherwise stated, our reference to plaintiff throughout this opinion is to Clarence.

The presiding juror circled the words "yes" in answer to questions (1) and (2) and signed the verdict form.[2]

Defendant's assignments of error all challenge the appropriateness of the court's rulings regarding the ELA claim. It assigns error to the ruling granting the directed verdict regarding the failure to provide ladders, the refusal to allow it to argue the question of control and the instructions about ELA liability. Nowhere does defendant challenge the rulings or instructions regarding the claim for common law negligence. As a result, even if defendant is correct about its assignments of error under the ELA, the jury's verdict is still independently supported under the common law negligence claim. Therefore, we affirm the trial court.

Defendant's appeal from the judgment in favor of Barbara Highfield suffers from the same flaw. That judgment is also affirmed.

Judgment affirmed in each case.

---

[2] Defendant concedes that, if the jury made a finding that defendant breached a duty owed to plaintiff in one or more of the particulars ultimately submitted to the jury, such a finding would independently support the jury verdict on plaintiffs' negligence claim. Defendant argues, however, that the jury never made any finding that defendant was negligent in any of the particulars; it contends that the jury simply found that defendant was negligent and that the quoted language comes from a special verdict form never signed by the presiding juror and which was received by the court on October 7, the day after the verdict was allegedly entered. Defendant is correct that the "special verdict" forms were not signed. However, the verdict form signed by the presiding juror contains the quoted language and was signed on October 3, and the judgment was entered on October 4 with an amended judgment on October 10.