Argued and submitted November 14, 1988, affirmed; motion for damages and motion to strike motion for damages denied February 22, 1989

## MORGAN et al,
### *Respondents,*
*v.*
## TURLEY et al,
### *Appellants,*
### (16-85-10664; CA A46369)
768 P2d 933

Ray Fechtel, Eugene, argued the cause and filed the brief for appellants.

Edward T. Monks, Eugene, argued the cause for respondents. With him on the brief was Morrow, Monks & Sharp, P.C., Eugene.

Before Graber, Presiding Judge, and Riggs and Edmonds,* Judges.

GRABER, P. J.

---

* Edmonds, J., *vice* Warden, J., retired.

## GRABER, P. J.

Defendants Turley and Atlantis Securities Corporation appeal from a judgment against them arising out of a sale of securities to plaintiffs. Plaintiffs alleged claims under the Oregon securities laws, ORS 59.135 and ORS 59.165, under the Oregon Racketeer Influenced and Corrupt Organizations Act (ORICO), ORS 166.715 to ORS 166.735, and for common law fraud. The jury returned a verdict for plaintiffs on all of their claims. The only errors that defendants assign on appeal relate to the ORICO claim. Because the verdict on the securities claim is sufficient to support the judgment, we affirm without considering the issues that defendants raise.

The jury awarded plaintiffs a total of $350,000 in general and punitive damages on each claim. In addition to those damages, the court awarded plaintiffs attorney fees on both the securities and ORICO claims, prejudgment interest on the securities claim *only,* and recovery of the costs of investigation on the ORICO claims *only. See* ORS 59.115(2)(a); ORS 166.725(7)(a). The attorney fee awards on the securities and ORICO claims were identical. Prejudgment interest was greater than were the costs of investigation. Thus, the total award on the securities claim is larger than that on the ORICO claim, which in turn is larger than that on the common law fraud claim. The claims are alternative rather than cumulative; therefore, plaintiffs are entitled to judgment only for the largest of the three amounts. As a general rule, defendants' failure to raise any issues relating to the securities claim would require us to affirm the judgment. *Highfield v. Hoffman Construction Co.,* 87 Or App 328, 742 P2d 68, *rev den* 304 Or 547 (1987). Defendants give no convincing reason why we should not apply the general rule.

Defendants argue that, as a result of the breadth of the ORICO claim, plaintiffs were able to introduce evidence of earlier unrelated incidents in which third parties alleged that Turley had committed fraud relating to the sale of securities. According to defendants, plaintiffs could not have introduced that evidence under the securities or common law fraud claims. They argue that the evidence was so prejudicial to their defense on the non-ORICO claims that those claims cannot stand if the ORICO claim fails. Plaintiffs respond that the evidence in question was admissible to support their prayers for punitive damages on the non-ORICO claims.

Even if defendants are correct about what evidence was admissible, they do not prevail. Although defendants attacked the ORICO claim by a variety of motions before and during the trial, they did not object to the evidence of the earlier incidents when plaintiffs offered it,[1] nor did they request instructions to limit the jury's consideration of that evidence to the ORICO claim. At the close of plaintiffs' case in chief, defendants moved for a mistrial on the ground that some of the evidence was inadmissible on the ORICO claim and prejudicial, but they did not move to strike that evidence or to instruct the jury to disregard it. Even if the evidence was inadmissible, the court acted within its discretion in denying the motion for a mistrial. Defendants, in short, never asked the court for a ruling that would have kept the evidence admitted on the ORICO claim from affecting the jury's consideration of the securities claim. That being so, the court did not err in any ruling that would have preserved the issues that defendants seek to raise.[2]

Affirmed; motion for damages under ORS 14.160 denied; motion to strike motion for damages denied.

---

[1] The one exception relates to the admission of an exhibit, to which plaintiffs did object timely. The assignment of error relating to that exhibit does not merit discussion.

[2] We deny defendants' motion to strike the request for damages, and we deny plaintiffs' motion for damages on appeal under ORS 19.160.