On appellants' petition for reconsideration filed May 9, reconsideration allowed, former opinion (95 Or App 316, 768 P2d 993) clarified and adhered to as clarified July 12, reconsideration denied August 25, petition for review denied October 26, 1989 (308 Or 465)

MORGAN et al,
*Respondents,*

*v.*

TURLEY et al,
*Appellants.*

(16-85-10664; CA A46369)

776 P2d 586

Nicholas I. Goyak, Christopher H. Kent, and O'Connell & Goyak, Portland, for the petition.

Edward T. Monks and Morrow, Monks & Sharp, P.C., Eugene, *contra.*

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

### GRABER, P. J.

Defendants petition for review, and we treat their petition as one for reconsideration. ORAP 10.10. We grant the petition in order to clarify our former opinion, 95 Or App 316, 768 P2d 993 (1989), and adhere to it as clarified.

In our former opinion, we refused to consider the assignments of error concerning plaintiffs' claim under the Oregon Racketeer Influenced and Corrupt Organizations Act (ORICO), ORS 166.715 to ORS 166.735, because the jury returned a larger verdict on an alternative claim for securities fraud than it did on the ORICO claim. Defendants argued that evidence that was admissible only on the ORICO claim was so prejudicial to their defense of the other claims that those claims could not stand if the ORICO claim failed. We held that defendants did not adequately preserve any error,[1] because they did not make proper objections or seek limiting instructions at trial.

In their petition, defendants point out that they moved before trial to dismiss the ORICO claim on the ground that it failed to state a claim. ORCP 21A(8). Had the trial court granted the motion, the ORICO claim would not have been included in the trial and, defendants urge, the evidence in question would not have been admissible. Assuming that they are correct about the evidentiary effect of dismissing the ORICO claim, their assertion still fails.

Defendants argue specifically that the complaint did not state a claim under ORICO, because the other predicate acts alleged did not occur within five years before the alleged acts involving plaintiffs, were isolated, and were not crimes. *See* ORS 166.715. They base those arguments on evidence at the trial; however, the evidence at the trial cannot make the pleading deficient or affect the correctness of the court's ruling on the pretrial motion. Defendants also contend that the complaint was too "conclusory" to state a claim, but we disagree. We hold that the complaint under ORICO was not defective in the ways that defendants assert, and we clarify our opinion to make that holding explicit.

---

[1] We also held that the one error that defendants preserved, concerning the admissibility of Exhibit 25, had no merit.

Defendants also argue that our affirmance of the judgment on the basis of the statutory securities claim was "plain error," because that claim did not permit the jury to award punitive damages. Defendants did not assign error to the award of punitive damages on the securities claim. We decline to consider an issue that they raise for the first time in a petition for review.

Reconsideration allowed; former opinion clarified and adhered to as clarified.